IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. FISHER,

        Plaintiff,
  vs.                                     Civil Action 2:07-CV-270
                                                   Judge Frost
                                                   Magistrate Judge King

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

### OPINION AND ORDER

Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. *See* 42 U.S.C. §405(g). On July 24, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner be affirmed as supported by substantial evidence in the record. Doc. No. 12. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* which the Court will consider *de novo.* Doc. No. 15. *See* 28 U.S.C. §636(b).

In his objections, the plaintiff again points to the fact that he was not represented at the administrative hearing, arguing that the administrative law judge should have made closer inquiry in light of plaintiff's "confusion about the right to representation, the timing of seeking such representation, and the relevant laws and regulations involved with the administrative hearing." *Objections,* at p.1, Doc. No. 15. The Magistrate Judge addressed this issue as follows:

An administrative law judge has the obligation to fully and fairly develop the record. *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847 (6th Cir. 1986); *Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048 (6th Cir. 1983). This burden is heightened when a claimant is not represented. *Lashley,* 708 F.2d at 1051. The mere fact that a claimant is not represented by an attorney, however, is not alone grounds for reversal. *Holden v. Califano,* 641 F.2d 405, 408 (6th Cir. 1981).

Plaintiff was advised, in writing and on more than one occasion, of his right to representation at the administrative hearing. *See, e.g.,* A.R. 40, 52. Plaintiff understood that right. *See, e.g.,* A.R. 42, 257-58.

At the outset of the hearing, the administrative law judge explored plaintiff's decision to appear without counsel, and advised plaintiff, more than once, that the hearing could be continued to allow him to obtain an attorney. Plaintiff initially expressed confusion as to the effect of his appearance at the hearing without counsel: "I was told by Barb, the secretary, or whatever, that we would go through with the hearing and at any point we could stop." *A.R.* 243. The administrative law judge immediately advised plaintiff that he was wrong in that understanding, *id.,* and asked plaintiff, for a second time, "[D]o you need more time to obtain representation?" *Id.* Plaintiff unambiguously responded, "No." *Id.* When plaintiff then expressed some hesitancy, ("I guess no." *A.R.* 244), the administrative law judge advised:

> It's up to you, sir. If you would like to have more time to get representation, I would have no problem with giving you additional time. In fact, we will give you a form, which lists possible sources of representation. Also, the Allegheny County Bar Association does have a lawyer [referral] service.

*A.R.* 244. Plaintiff then consulted with his wife, who was also present in the hearing room:

> CLMT:   What do you think?
>
> WTN:    Up to you. I don't know. You have all your

2

```
                    information --

       CLMT:        I have --

       WTN:         -- here.

       CLMT:        -- everything.  Yeah.

       ALJ:         Okay. ...
```

> *Id.* The substance of the administrative hearing then began.
>
> This Court rejects plaintiff's characterization of the record as reflecting confusion, uncertainty and ambiguity as it relates to the plaintiff's decision to proceed at the administrative hearing without the assistance of counsel. Plaintiff has a high school education and the consultative psychological evaluation reflect no more than mild symptomatology. *A.R.* 185. Plaintiff advised the administrative law judge that he had examined his file prior to the hearing, *A.R.* 245, and, during the course of the hearing, plaintiff offered new materials, which were admitted into the record. *A.R.* 245-46. Finally, in response to the administrative law judge's offer at the end of the hearing to keep the record open to permit plaintiff to provide a statement from a treating doctor "indicating exactly what the adverse side effects of your medication are," *A.R.* 257, plaintiff did in fact procure a statement from his treating gastroenterologist. *See A.R.* 249. This Court therefore concludes that plaintiff understood his right to counsel and yet freely chose to forgo that right.

*Report and Recommendation,* at pp.8-10. This Court agrees with the reasoning of the Magistrate Judge and therefore **REJECTS** plaintiff's objection in this regard.

Plaintiff also again complains about various comments and findings by the administrative law judge. Plaintiff again challenges the administrative law judge's comment that plaintiff "refused to stop smoking," and that he "does not take prescribed medicine." *See A.R.* 19. The doctor who consultatively examined plaintiff at the request of the

state agency, Gabriel E. Sella, M.D., Ph.D., stated that plaintiff "is not motivated to reduce or quit his smoking." *A.R.* 169. Although there is contrary evidence in the record, *see A.R.* 125 (plaintiff "has tried quitting w/no success.") it cannot be said that the administrative law judge's finding in this regard is without substantial support in the record. In any event, however, the administrative law judge included "shortness of breath because of smoking" in plaintiff's impairments, *see A.R.* 257, and the vocational expert testified that a claimant with such an impairment could nevertheless perform significant numbers of sedentary jobs. *A.R.* 253-54.

Plaintiff also complains that the administrative law judge failed to consider plaintiff's financial difficulties in commenting on the relative lack of medical treatment reflected in the record prior to the lapse of plaintiff's insured status. The fact remains, however, that plaintiff saw treating providers prior to the lapse of his insured status, *see e.g., A.R.* 125, 160, and underwent x-rays of the lumbosacral spine (revealing only mild arthritis in the lower level), and an MRI (suggestive of only mild disc degeneration and disc bulging in the lower lumbar spine), *A.R.* 151. There is no indication that a disabling impairment went untreated because of plaintiff's financial condition.

In finding that plaintiff had the residual functional capacity to perform sedentary work so long as he is not exposed to prolonged standing, *A.R.* 21, the administrative law judge relied upon the opinions and report of not only the consultative evaluator but also on the reports and opinion of plaintiff's treating family practitioner, Richard Thomas, M.D. Under these circumstances, it simply cannot be said that the decision of the administrative law judge lacked substantial support in

the record.

In short, and having carefully considered the record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence and must be **AFFIRMED.**

Plaintiff's *Objections to the Report and Recommendation*, Doc. No. 15, are **DENIED.**  The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.**  The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

        /s/   Gregory L. Frost
         Gregory L. Frost
     United States District Judge